## Case No. 12,643.

### SELIGMAN v. DAY et al.

[14 Blatchf. 72; 2 Ban. & A. 467; Merw. Pat. Inv. 271.] [1]

Circuit Court, S. D. New York. Dec. 21, 1876.

#### PATENTS—NOVELTY—CORSET CLASPS.

The claim of letters patent granted to Phillipp Lippmann, September 30th, 1873, for "a corset clasp and cloth attachment," namely, "as a new article of manufacture, a covered corset clasp, the cloth of which forms a marginal flap or flaps along its length, suitable for, and adapted to, being sewn upon the corset, substantially as described, and for use in the place of broken, injured or worn out clasps or cloth, as herein set forth," claims merely the making and selling a part of an old and known manufacture as a new way of trade, and is not valid.

[This was a bill in equity by August Seligman against Joseph Day and Nathan Hyman.]

John B. Staples, for plaintiff.
John T. Richards, for defendant.

JOHNSON, Circuit Judge. This is a motion for an injunction to restrain, pending the suit, the infringement by the defendants of letters patent No. 143,359, granted to Phillipp Lippmann, dated September 30th, 1873, for "a corset clasp and cloth attachment." The patentee claims, "as a new article of manufacture, a covered corset clasp, the cloth of which forms a marginal flap or flaps along its length, suitable for, and adapted to, being sewn upon the corset, substantially as described, and for use in the place of broken, injured, or worn out clasps or cloth, as herein set forth."

The patent is not sustained by any previous adjudication and it is attacked by affidavits tending to show that the article which the patent describes was in earlier use than the time claimed by the patentee as that of his invention. Want of novelty may be made out, even conceding that, in a certain sense, the use which the patentee makes of the article is new. It is shown, that corset clasps covered with material similar to that of the corsets to which the clasps were to be applied, have been long made with flaps by which they might be sewn upon the rest of the corset; and that they were so sewn to the other parts of the corsets, in order to complete them. It is, also, shown that these, when worn out, have been frequently, and as matter of business, removed and replaced by new ones sewn on to the old corsets by means of the flaps. These, in a legal sense, are the uses to which the patentee contemplates that his articles shall be put; but he insists, inasmuch as he manufactures these clasps with covers, as a separate article of trade, in assorted sizes, and applicable by purchasers to the making or mending of corsets generally, that a quality of patentable novelty is imparted, not exactly to the article itself, but to the manufacture of the article. It is the thing made that is patentable or not. The use made of it is not patentable. The right to make the thing involves the right to use it, when made, at the pleasure of its owner. To make and sell a part of a known thing, as a separate article, is not patentable. If knife blades had never been made and sold separately from their handles, or the handles separately from the blades, it would not be patentable to introduce either of those manufactures. Upon the affidavits as they stand, it appears to me that the plaintiff's claim is merely to the making and selling a part of an old and known manufacture, as a new way of trade, and that this is not, in its nature, the subject of a patent. The motion for a preliminary injunction must, therefore, be denied.